# THE CITY OF EAST ST. LOUIS

## v.

## TRUSTEES OF SCHOOLS.

*Municipal Corporations—Proceeds of Dram Shop Licenses—Action by School Trustees—Consent Judgment—Agent—Authority—Mandamus—Motion to Vacate Judgment and Order.*

In an action by school trustees against a municipal corporation to recover "one-half of all money received into the city treasury from dram shop licenses," as provided by the charter of the defendant, it is *held:* That the representative of the defendant was duly authorized to enter its appearance and consent to the rendition of the judgment in question and consent to the order for the writ of mandamus; that the court below properly overruled the motion to vacate said judgment and order; and that if, on the return of the writ, it appears that the City Council was ordered to do an impossible and illegal act, the court below will doubtless so modify its order as to protect the interests of both parties.

[Opinion filed September 10, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. F. G. COCKRELL and E. R. DAVIS, for appellant.

A suit was pending against the city on the part of the trustees, and a suit involving the same subject-matter was pending against the City Treasurer; the City Attorney had filed pleas in the case against the city which raised the question of the liability of the city; it was well known that it was a matter of doubt whether, under the Harper Law, the trustees were entitled to the money arising from dramshop licenses; but, without consulting the City Attorney or either of the special counsel, without giving any reason, and without any reason in fact, Mr. Flannigen withdrew the pleas filed by the City Attorney, and allowed a judgment to be entered against the city, and thereafter permitted an order for a peremptory mandamus to be awarded for the payment of the entire judgment, interest

City of East St. Louis v. Trustees of Schools.

and costs, and this without regard to the necessary current expenses of the city, and without regard to other prior mandamus orders. It is claimed that Mr. Flannigen had authority from the City Council to appear and consent to the judgment and the order for peremptory mandamus. In reply to this, we wish to say that there is no record of any such authority; and while counsel for the trustees and Mr. Flannigen did produce what purported to be a certified copy of a motion passed by the Council, it is difficult to see how the City Clerk could certify to a motion without any record to support it. See Logansport v. Crockett, 64 Ind. 319; People v. Lee, 112 Ill. 113.

But if the action of a City Council can be proved in this way or by parol testimony, or if in fact the City Council did authorize Mr. Flannigen to consent to the entry of the judgment and the order for mandamus, it only shows that the Council was actuated by corrupt motives, for the reason that the transaction was so high-handed and outrageous, going to the extent of pledging the entire revenue of the city a year in advance, without regard to the necessary current expenses of the city, that such an act would bear no other construction. The city, as appears from the record, is and was indebted beyond its constitutional limit, and is and was hampered with numerous judgments and mandamus orders. It was well known the city could not in any one year raise over $70,000 net revenue, and out of this amount the necessary current expenses had to be paid. No power can rightfully take away from a city the means necessary for current expenses. City of East St. Louis v. People, 6 Ill. App. 76.

Mr. L. H. HITE, for appellees.

The issue at bar arises upon a motion filed at the close of the May term, 1887, of the St. Clair Circuit Court, to set aside and vacate a mandamus order entered at the September term, 1886, of said court, and to vacate a judgment in another case rendered at said September term. The grounds for the motion are that the judgment was unauthorized, illegal and void. That it was fraudulently obtained. That the order for mandamus requires the performance of an impossible thing.

The original judgment was the result of a suit commenced in the Circuit Court. An amended declaration sets out that on the 30th of November, 1886, the defendant, City of East St. Louis, had collected and received into its city treasury from dram shop licenses, between the date mentioned and the 1st day of January, 1881, the sum of $200,000, and that one-half thereof belonged to the Trustees of Schools. There were several suits pending between the Trustees and the city and its ex-Treasurer, Launtz, and its present Treasurer, Flannigen, to enforce the payment of that money to the schools. On the 30th of November, 1886, the attorney of the Trustees went before the City Council of said city and proposed to end all existing litigation by taking a judgment for all moneys which could be proved to be due, provided the city would consent to the granting of a mandamus to compel the payment of said judgment. A motion was made and adopted, unanimously authorizing Alexander Flannigen, as attorney for the city, to appear for it in the case and take the action he did. In the suit at law the court heard the evidence and rendered judgment accordingly. In the mandamus proceeding the order says, " it appearing to the court that the said defendant by its City Council had duly authorized said attorney to act for it and to consent to the entering of a judgment according to the prayer of the petition of relators, and a jury being waived by the parties, the court hears the evidence," etc.

It is claimed that there is no evidence that Flannigen was authorized to appear. The courts have decided that the authority of an attorney who appears in a case is presumed until the contrary is shown. But further, he produced to the court a certified copy of the action of the City Council, and the court found "that said attorney was duly authorized to appear for and on behalf of the defendant." The court found that fact; and again, when the matter was brought before the same Judge upon this motion he again found the facts.

The Supreme Court has had the question before it as to whether the city owes the Trustees the one-half of the dram shop fund by it received into its treasury, and has decided that the city must pay it over to the Township Treasurer. City of East St. Louis v. Trustees of Schools, 102 Ill. 489.

City of East St. Louis v. Trustees of Schools.

After a final judgment has been entered, and the term of court at which the judgment was rendered has closed, no steps having been taken to vacate the same, the court, at a subsequent term, has no power to alter or amend its final judgment so rendered, except, perhaps, in matters of mere form.  Messervey v. Beckwith, 41 Ill. 452; McKindley v. Buck, 43 Ill. 488; Fix v. Quinn, 75 Ill. 232; Hibbard v. Mueller, 86 Ill. 256; Hearson v. Graudine, 87 Ill. 115; Becker v. Sauter, 89 Ill. 596.

After the close of a term at which a judgment is rendered, its absolute verity can not be attacked even by affidavit. Goucher v. Patterson, 94 Ill. 525.

*Per Curiam.*  We have examined the record in this case, the printed briefs, and arguments of counsel, and have had the benefit of oral arguments on behalf of the respective parties, and believing the best interests of all concerned requires that our decision should be announced at once, we have concluded to file this *per curiam* opinion, rather than delay the matter to prepare and file one more elaborate.  It sufficiently appears, from the affidavits and evidence in the record, that Alexander Flannigen was duly authorized by the City Council of East St. Louis to enter the appearance of said city and consent on its behalf to the rendition of the judgment against it. And as there is no evidence of fraud or collusion rendering his action in the premises void, and no valid defense to said claim of the School Trustees, for which said judgment was entered, was shown, we find no reason why it ought to have been vacated, and mandamus being the only remedy to collect the judgment, the order for such a writ was properly made by the court with the consent of the city through its authorized attorney.  The motion in this case made in the court below being to set aside and absolutely vacate such order and vacate said judgment, we think was properly overruled.  If it should appear by the return to the writ, the City Council was ordered by it to do an impossible and illegal act, the Circuit Court on such return being made will doubtless refrain from punishing the failure to obey its mandate as a contempt, and modify its order, so that the judgment can be collected,

and yet the interests of the city be protected by leaving suffi-
cient funds at its disposal for the necessary current expenses
of the city government. The judgment is affirmed.

*Affirmed.*